Exhibit A

Thomas MacInnis, Esq. 204192017
GINARTE, GALLARDO, GONZALEZ,
& WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
Our File Nos.: 263920, 265349 & 261852
Attorneys for Plaintiffs

| | |
|---|---|
| MARIA LLIGUICOTA individually and to be named *Administratrix Ad Prosequendum* to ESTATE OF CLARISE PIZHA, MARIA MAGDALENA TENORIO-SANGUCHO *guardian ad litem* to MELANIE TOAPANTA (an infant) *Plaintiff,* <br><br> v. <br><br> DAISY ESTREMERA, BENNIE LUGO, NICOLE V. RAMIREZ, RUTH M. RAMIREZ-ZAMBRANO, CITY OF NEWARK, NEWARK POLICE DEPARTMENT, COUNTY OF ESSEX, ESSEX COUNTY SHERIFF'S OFFICE, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, JOHN DOES 1-10 & ABC CORPORATIONS 1-3, (fictitious individuals, corporations or other business entities presently unidentifiable) *Defendant,* | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ESSEX COUNTY <br><br> DOCKET NO.: ESX-L- <br><br><br> CIVIL ACTION <br><br><br><br><br><br><br><br><br> **COMPLAINT, JURY DEMAND, DEMAND FOR INTERROGATORIES** |

Plaintiffs Maria Lliguicota individually and to be named *Administratrix Ad Prosequendum* to the Estate of Clarise Pizha and Melanie Toapanta by *guardian ad litem* Magdalena Tenorio-Sangucho, residing in Newark, Essex County, New Jersey allege as follows:

### COUNT ONE
(Negligence)

1. On or about August 30, 2020, plaintiff Maria Lliguicota was the operator of a motor vehicle travelling on Broad Street, Newark, New Jersey. Plaintiffs Melanie Toapanta (an infant) and Clarise Pizha (a deceased infant) were passengers in said vehicle.

2. At the same place and time defendants Nicole V. Ramirez and Ruth Ramirez-Zambrano were the owner and operator of a certain motor vehicle also traveling on Broad Street.

3. At the same time and place defendants Daisy Estremera and Bennie Lugo were the operator and owner of a certain motor vehicle also traveling on Broad Street.

4. At the same time and place defendants City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey, New Jersey State Police and their agents John Does 1-10 (presently unidentified law enforcement officers in their official and individual capacities) were the owners and operators of certain motor vehicles engaged in a high speed pursuit of a red Honda HRV being operated by defendant Daisy Estremera.

5. Defendants, and each of them, did so negligently and recklessly own, operate, entrust and/or maintain their aforesaid motor vehicles so as to cause same to collide and/or to set in motion a chain of collisions between each other and Plaintiffs.

4. As a direct and proximate result of the negligence of the Defendants, as aforesaid, plaintiffs Maria Lliguicota and Melanie Toapanta was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in their daily routine, was and will be required to curtail their usual activities and pursuits and has and will incur lost wages and medical expenses.

5. The action is not barred by N.J.S.A. 39:6A-1, et seq.

**WHEREFORE**, plaintiffs Maria Lliguicota and, Melanie Toapanta demand judgment against Defendants jointly and severally in the amount of their damages together with interest and costs of suit.

## COUNT TWO
(Negligence – Fictitious Parties)

1. Plaintiffs repeats and re-alleges the allegations of the prior Count as though set forth

at length herein.

2. Defendants, John Does 1-10 and ABC Corporations 1-10, are theretofore unidentified individuals and business entities named herein for the express purpose of tolling the applicable statute of limitations.

3. On the same date Defendants carelessly, recklessly, negligently maintained, entrusted and operate a motor vehicle causing it to strike plaintiff's motor vehicle.

4. As a direct and proximate result of the negligence and recklessness of these Defendants as aforesaid, plaintiffs Maria Lliguicota and Melanie Toapanta were caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine, was and will be required to curtail her usual activities and pursuits and has and will incur lost wages and medical expenses.

5. The action is not barred by N.J. Stat. 39:6A-1, et seq.

**WHEREFORE**, plaintiffs Maria Lliguicota and Melanie Toapanta demand judgment against the defendants John Does 1-10 and ABC Corporations 1-10 for damages, interest and costs of the action.

### COUNT THREE
(Wrongful Death - N.J.S. 2A:31-1 *et seq.*)

1. Plaintiff Maria Lliguicota individually and to be named *Administratrix Ad Prosequendum* to the Estate of Clarise Pizha repeats and realleges the allegations of all prior Counts as if set forth fully at length herein.

2. At all relevant times Defendants owed to all persons, but specifically to decedent Clarise Pizha the duty of exercising reasonable care for the safety of others in the operation of their respective motor vehicle and the discharge of their respective public duties.

3. Defendants operated and or entrusted their respective vehicles in a manner that was negligent, careless, reckless and palpably unreasonable causing a collision or setting in motion a series of collisions between each other and plaintiff's decedent Clarise Pizha which caused her untimely demise.

4. As a result of the wrongful death of plaintiff's decedent, decedent's survivors have suffered pecuniary losses.

5. Plaintiff brings this Count pursuant to N.J.S. 2A:31-1 *et seq.* for the benefit of the next of kin of the decedent.

**WHEREFORE** Maria Lliguicota individually and to be named *Administratrix Ad Prosequendum* to the Estate of Clarise Pizha demands judgment against Defendants jointly, severally in the amount of her damages, interest and cost of suit.

### COUNT FOUR
(Survivor Act – N.J.S. 2A:15-3 *et seq.*)

1. Plaintiff Maria Lliguicota to be named *Administratrix Ad Prosequendum* to the Estate of Clarise Pizha repeats and realleges the allegations of all prior Counts as if set forth fully at length herein.

2. At all relevant times Defendants owed to all persons, but specifically to decedent Clarise Pizha the duty of exercising reasonable care for the safety of others in the operation of their respective motor vehicle and the discharge of their respective public duties.

3. Defendants operated and or entrusted their respective vehicles in a manner that was negligent, careless, reckless and palpably unreasonable causing a collision or setting in motion a series of collisions between each other and plaintiff's decedent Clarise Pizha which was the proximate cause of her substantial pain and suffering prior to her untimely demise.

4. Plaintiff brings this Count pursuant to N.J.S. 2A:15-3 *et seq.* for the benefit of the Estate of the decedent.

**WHEREFORE** Maria Lliguicota individually and to be named *Administratrix Ad Prosequendum* to the Estate of Clarise Pizha demands judgment against Defendants jointly, severally in the amount of her damages, interest and cost of suit.

### COUNT FIVE
(Negligence – Fictitious Law Enforcement Officers)

1. Plaintiffs repeat and reallege the allegations of all prior counts as if set forth fully herein.

2. Defendants, John Does 1-10 in their official and individual capacities are and were law enforcement officers, employees and agents of defendants City of Newark, Newark Police Department, County of Essex, Essex County Sherrif Office, State of New Jersey and the New Jersey State Police.

3. On the date of subject accident defendants John Does 1-10 were acting in their official capacity when they observed a red Honda HRV driven by defendant Daisy Estremera.

4. Based solely on the observation of a summary traffic offense defendants John Does 1-10 initiated a high speed pursuit of the red Honda HRV without activating the lights and/or sirens on their police vehicles.

5. Defendants John Does 1-10 in their official and individual capacities as law enforcement officers had the opportunity to deliberate about their decision to engage in a high speed pursuit.

6. Defendants John Does 1-10 had no compelling justification for engaging in a high speed chase in downtown Newark where such an inherent risk of harm existed and accordingly defendants' actions were reckless, palpably unreasonable and willful and wanton exhibiting

deliberate indifference for the safety of plaintiffs and other citizens of Newark.

7. Defendants John Does 1-10 were and are agents for defendants City of Newark, Newark Police Department, County of Essex, Essex County Sherrif Office, State of New Jersey and the New Jersey State Police who are vicariously liable for their reckless, willful and wanton conduct.

8. As a result of defendants John Does 1-10 (individually and in their official capacities), City of Newark, Newark Police Department, County of Essex, Essex County Sherrif Office, State of New Jersey and the New Jersey State Police's actions Plaintiffs were caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine, was and will be required to curtail her usual activities and pursuits and has and will incur lost wages and medical expenses.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and severally in the amount of their damages together with interest and costs of suit.

## COUNT SIX
(Civil Rights Violation – 4.2. U.S.C. §1983)

1. Plaintiffs repeat and reallege the allegations of all prior counts as if set forth fully herein.

2. Defendants, John Does 1-10 in their official and individual capacities are and were law enforcement officers, employees and agents of defendants City of Newark, Newark Police Department, County of Essex, Essex County Sherrif, State of New Jersey and the New Jersey State Police who engaged in an unlawful high-speed pursuit of a summary offender thereby violating Plaintiffs' rights under the laws of the Constitutions of the United States and

New Jersey, in particular, the due process clause of the Fourteenth Amendment and her rights under 42 U.S.C. §1983.

3. The acts committed by Defendants constitute willful acts committed with deliberate indifference and state created danger upon Plaintiffs which was the proximate cause of the above referenced injuries.

4. The actions of law enforcement officer defendants John Does 1-10 shocks the conscience as the harm caused to Plaintiffs was foreseeable and direct and plaintiffs were foreseeable victims.

5. Defendants, John Does 1-10 in his/her/their official and individual capacity as law enforcement officers, actions were an affirmative use of their authority in a way that created a danger to citizens, including Plaintiffs, that rendered them more vulnerable to danger than had defendants, John Does 1-10 in his/her/their official and individual capacity as law enforcement officers, not acted at all, all in violation of the Fourteenth Amendment of the Constitution of the United States, the Constitution of New Jersey, and 42 U.S.C. §1983.

6. As a result of defendants John Does 1-10, City of Newark, Newark Police Department, County of Essex, Essex County Sherrif Office, State of New Jersey and the New Jersey State Police's actions Plaintiffs were caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine, was and will be required to curtail her usual activities and pursuits and has and will incur lost wages and medical expenses.

**WHEREFORE**, Plaintiffs demand judgment against defendants City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey, New

Jersey State Police and their agents John Does 1-10 (presently unidentified law enforcement officers in their official and individual capacities) jointly and severally in the amount of their damages together with interest and costs of suit.

### COUNT SEVEN
(Monell Claim – 42 U.S.C. §1983)

1. New Jersey's vehicle pursuit policy has acknowledged for decades that most chases start with traffic violation and for decades City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey and New Jersey State Police have known about the significant harms and dangers related to unauthorized vehicle and unwarranted pursuits initiated by their respective law enforcement officers.

2. Defendant law enforcement agencies have a long, systemic and documented history of aggressive police practices including engaging in unauthorized, unwarranted and dangerous high speed vehicle pursuits initiated by their respective officers.

3. The defendant Law Enforcement agencies have adopted, sanction and furthered a de facto policy or custom of permitting its officers to engage in unauthorized, unwarranted and dangerous vehicle pursuits for minor traffic offenses by:

    a. Ignoring vehicle pursuit restrictions

    b. Foregoing supervisory oversight of vehicle pursuits

    c. Relaxing or waiving department training and reporting for vehicle pursuits which resulted in the violation of citizens' constitutional rights including those of Plaintiffs.

4. Defendants City of Newark, Newark Police Department, County of Essex, Essex County Sherrif Office, State of New Jersey and the New Jersey State Police have engaged in a past practice and policy of exhibiting deliberate indifference to complaints of constitutional violations against their police officers from citizens similar to Plaintiffs against police officer

who act as agents of Defendants.

5. Defendants Newark Police Department, Essex County Sherrif and the New Jersey State Police's Internal Affairs departments are a complete sham and respectively have a longstanding, systemic, pervasive actual and/or de facto policies and practices that creates an environment wherein officers are comfortable in knowing they can act unlawfully without any repercussions or discipline. Such past policy and practices are directly linked to the violation of the constitutional rights of Plaintiffs because such past policy and practice encourages violations by law enforcement officers such as defendants John Does 1-10 in this action.

**WHEREFORE**, Plaintiffs demand judgment against defendants City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey, New Jersey State Police and their agents John Does 1-10 (presently unidentified law enforcement officers in their official and individual capacities) jointly and severally in the amount of their damages together with interest and costs of suit.

### COUNT EIGHT
(New Jersey Civil Rights Act – N.J.S. 10:6-1 *et seq.*)

1. Plaintiffs repeat and reallege the allegations of all prior counts as if set forth fully herein.

2. Defendants John Does 1-10 in their official and individual capacities are and were law enforcement officers, employees and agents of defendants City of Newark, Newark Police Department, County of Essex, Essex County Sherrif, State of New Jersey and the New Jersey State Police who engaged in an unlawful high-speed pursuit of a summary offender thereby violating Plaintiffs' rights under the laws of the Constitutions of New Jersey, the New Jersey Civil Rights Act including the right to equal protection and the rights to life and liberty.

Page **9** of **16**

3. The acts committed by defendants constitute willful acts committed with deliberate indifference and state created danger upon Plaintiffs which was the proximate cause of the above referenced injuries.

4. The actions of law enforcement officer defendants John Does 1-10 shocks the conscience as the harm caused to Plaintiffs was foreseeable and direct and plaintiffs were foreseeable victims.

5. Defendants, John Does 1-10 in his/her/their official and individual capacity as law enforcement officers, actions were an affirmative use of their authority in a way that created a danger to citizens, including plaintiff, that rendered her more vulnerable to danger than had defendants, John Does 1-10 in his/her/their official and individual capacity as law enforcement officers, not acted at all, all in violation of the Fourteenth Amendment of the Constitution of the United States, the Constitution of New Jersey, and 42 U.S.C. §1983.

6. As a result of defendants John Does 1-10, City of Newark, Newark Police Department, County of Essex, Essex County Sherrif, State of New Jersey and the New Jersey State Police's actions Plaintiffs were caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine, was and will be required to curtail her usual activities and pursuits and has and will incur lost wages and medical expenses.

7. Plaintiffs claim damages for the above referenced injures as set forth in the New Jersey Civil Rights Act, N.J.S. 10:6-1 *et seq.* for violation of their Constitutional rights provided by the Constitution of New Jersey.

**WHEREFORE**, Plaintiffs demand judgment against defendants City of Newark, Newark

Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey, New Jersey State Police and their agents John Does 1-10 (presently unidentified law enforcement officers in their official and individual capacities) jointly and severally in the amount of their damages together with interest and costs of suit.

### COUNT NINE
(New Jersey Civil Rights Act N.J.S. 10:6-1 – Policy/Custom)

1. New Jersey's vehicle pursuit policy has acknowledged for decades that most chases start with traffic violation and for decades City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey and New Jersey State Police have known about the significant harms and dangers related to unauthorized vehicle pursuits initiated by their respective law enforcement officers.

2. Defendant law enforcement agencies have a long, systemic and documented history of aggressive police practices including engaging in unauthorized and dangerous high speed vehicle pursuits initiated by their respective officers.

3. The defendant Law Enforcement agencies have adopted, sanction and furthered a de facto policy or custom of permitting its officers to engage in unauthorized and dangerous vehicle pursuits for minor traffic offenses by:

    a. Ignoring vehicle pursuit restrictions

    b. Foregoing supervisory oversight of vehicle pursuits

    c. Relaxing or waiving department training and reporting for vehicle pursuits which resulted in the violation of citizens' constitutional rights including those of Plaintiffs.

4. Defendants have engaged in a past practice and policy of exhibiting deliberate indifference to complaints of constitutional violations against their police officers from citizens

similar to Plaintiffs against police officer who act as agents of Defendants.

5. Defendants Newark Police Department, Essex County Sherrif and the New Jersey State Police's Internal Affairs departments are a complete sham and respectively have a longstanding, systemic, pervasive actual and/or de facto policies and practices that creates an environment wherein officers are comfortable in knowing they can act unlawfully without any repercussions or discipline. Such past policy and practices are directly linked to the violation of the constitutional rights of Plaintiffs because such past policy and practice encourages violations by law enforcement officers such as defendants John Does 1-10 in this action.

6. Plaintiffs claim damages for the above referenced injures as set forth in the New Jersey Civil Rights Act, N.J.S. 10:6-1 *et seq.* for violation of their Constitutional rights provided by the Constitution of New Jersey.

**WHEREFORE**, Plaintiffs demand judgment against defendants City of Newark, Newark Police Department, County of Essex, Essex County Sheriff's Office, State of New Jersey, New Jersey State Police and their agents John Does 1-10 (presently unidentified law enforcement officers in their official and individual capacities) jointly and severally in the amount of their damages together with interest and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATION OF PENDING ACTIONS

I hereby certify that the within matter in controversy is the subject of another pending action, docket no. BER-L-89-22. Non-parties subject to joinder: Judith Villanueva Turlington and Michael Turlington, plaintiffs in the previously pending action. It is anticipated both actions will

be consolidated.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte Gallardo Gonzalez & Winograd, L.L.P. attorneys for Plaintiff, hereby appoint Thomas MacInnis, Esq. as trial counsel.

                               GINARTE, GALLARDO, GONZALEZ,
                               & WINOGRAD, L.L.P.
                               Attorneys for Plaintiff

                               By: Thomas MacInnis, Esq.

Dated: April 25, 2022

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff here by demands that all defendants provide answers to Form C and C-1 interrogatories.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1.     Any and all statements or reports made by any person or governmental entity concerning the civil action or its subject matter.

2.     Copies of any and all photographs in your possession of the vehicles, the location, or the parties involved in the accident.

3. Copies of any and all repairs estimates of the vehicles involved in the accident.

4. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

5. Copies of any statements made by any person with regard to the happening of the collision or having to do with the subject matter of the action.

6. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

7. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

8. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to the litigation.

11. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

12. All deeds, leases, contracts, invoices, maintenance agreements, or records pertaining to any person, vehicle, or premises identified in the plaintiff's complaint.

13. Copies of any documents provided to drivers as part of their training or orientation.

14. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

15. Provide copies of all documents you intend to use at trial, including cross-examination and for impeachment purposes.

16. Was any type of surveillance taken of the plaintiff and, if so, state the name, address and occupation of the person performing such surveillance, the dates of the surveillance, and produce copies of any and all surveillance materials along with logs and any other materials relating to the surveillance.

17. Provide all videos and/or images and/or photographs and/or any depiction of the plaintiff.

18. Provide all videos and/or images and/or photographs and/or any depiction of the accident scene and of the accident itself.

19. With respect to any expert of the defendant, provide:

   i) a complete statement of all opinions the witness will express and the basis and reasons for them;
   ii) the date or other information considered by the witness in forming them;
   iii) any exhibits that will be used to summarize or support them;
   iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
   v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition;
   vi) a statement of the compensation to be paid for the study and testimony in the case.

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned

Page 15 of 16

whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

                                      GINARTE GALLARDO
                                      GONZALEZ & WINOGRAD, L.L.P.
                                      Attorneys for Plaintiff

                                      By: Thomas MacInnis, Esq.

DATED: August 15, 2022

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004771-22**

**Case Caption:** LLIGUICOTA MARIA VS ESTREMERA DAISY
**Case Initiation Date:** 08/15/2022
**Attorney Name:** THOMAS M MACINNIS
**Firm Name:** GINARTE GALLARDO GONZALEZ WINOGRAD, LLP
**Address:** 400 MARKET ST NEWARK NJ 07105
**Phone:** 9738548400
**Name of Party:** PLAINTIFF : LLIGUICOTA, MARIA
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** BER-L-89-22
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: MARIA LLIGUICOTA?** NO

**Are sexual abuse claims alleged by: CLARISE PIZHA?** NO

**Are sexual abuse claims alleged by: MARIA MAGDALENA?** NO

**Are sexual abuse claims alleged by: MELANIE TOAPANTA?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Spanish interpreter needed

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** YES
 **If yes, for what language:**
 SPANISH,SPANISH,SPANISH,SPANISH

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** YES **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>08/15/2022</u>  /s/ <u>THOMAS M MACINNIS</u>
Dated  Signed